United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIUS SPELL TAYLOR, | § | |
| SPN #03008568, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2461 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Darius Spell Taylor (SPN #03008568), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) regarding his arrest by deputies employed by the Harris County Sheriff's Department ("HCSD"). At the court's request, Taylor has provided Plaintiff's More Definite Statement of Facts ("Plaintiff's MDS") (Docket Entry No. 8). Because Taylor is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

Taylor alleges that he was sitting on the trunk of a friend's car on or about July 22, 2019, when two deputies employed by HCSD approached.[1]  After Taylor entered his friend's car, the deputies asked him to open the door as other deputies approached with weapons drawn and aimed at the windshield.[2]  Taylor contends that the deputies used excessive force by shooting him in the arm while he had his hands in the air.[3]  Taylor reports that he was hospitalized for two days as a result of the shooting, which has caused permanent nerve damage and scarred muscle tissue in his arm.[4]

Taylor discloses that he was arrested as a result of the encounter that forms the basis for his Complaint and that he was formally charged with aggravated assault on a public servant.[5] Public records confirm that Taylor has been charged in Cause No. 1639523, which is pending in the 182nd District Court of Harris County, Texas, with aggravated assault by threatening

---

[1]Plaintiff's MDS, Docket Entry No. 8, pp. 3-4.  All page numbers for docket entries in the record refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Id. at 4.

[3]Id.

[4]Id. at 6.

[5]Id. at 2, 4.

imminent harm on a public servant "by using and exhibiting a deadly weapon, namely a firearm[.]"[6]  Taylor insists that he did not use or exhibit a deadly weapon during the incident.[7]  Taylor contends further that he posed no threat and did not make any "fugitive movements" to justify the force that was used.[8]  Therefore, Taylor argues that the deputies were "out of compliance" with state and federal law when they approached him without "probable cause" and used excessive force.[9]

Taylor does not name any individual deputy as a defendant in this suit.[10]  Instead, Taylor maintains that HCSD is liable for the injuries inflicted upon him because the deputies acted negligently, which Taylor attributes to a lack of "proper training" on how to determine probable cause and how to use "deescalation techniques."[11]

---

[6]See Indictment in Cause No. 1639523, p. 1, available from the Office of the Harris County District Clerk at: http://www.hcdistrictclerk.com (last visited Dec. 2, 2020).

[7]Plaintiff's MDS, Docket Entry No. 8, pp. 4, 8.

[8]Id. at 5-6.

[9]Id. at 4, 8; Complaint, Docket Entry No. 1, p. 4.

[10]Complaint, Docket Entry No. 1, p. 3.

[11]Id. at 4; Plaintiff's MDS, Docket Entry No. 8, p. 8.  Taylor also claims that he was not taken in front of a magistrate within 48 hours of his arrest in violation of Texas law.  See Complaint, Docket Entry No. 1, p. 4.  Taylor concedes that he was hospitalized for at least two days after the incident that forms the basis for his Complaint.  See Plaintiff's MDS, Docket Entry No. 8, p. 4.  The court does not consider this allegation further because Taylor fails to establish that a violation occurred as the result of unreasonable delay attributable to his custodian.

Taylor seeks $1 million in "punitive damages" for his pain and suffering.[12]

## II.  <u>Discussion</u>

Taylor cannot maintain a lawsuit against HCSD because it lacks the requisite capacity to sue or be sued.  <u>See</u> FED. R. CIV. P. 17(b) (providing that both plaintiff and defendant must have capacity to sue or be sued).  In Texas, a county sheriff's department is not a legal entity capable of being sued "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'"  <u>Jacobs v. Port Neches Police Dep't</u>, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311, 313-14 (5th Cir. 1991)).  As a subdivision of Harris County, HCSD has not been granted such authority.  <u>See</u> <u>Aguirre v. Harris County Sheriff's Office</u>, Civil Action No. H:11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012) (observing that Harris County has not granted HCSD the requisite legal capacity to sue or be sued).  Therefore, the claims against HCSD must be dismissed.

Taylor further fails to show that Harris County is liable as a municipality under 42 U.S.C. § 1983.  It is well established that a municipal entity is not vicariously liable under a theory of

---

[12]Complaint, Docket Entry No. 1, p. 4.

-4-

respondeat superior for wrongdoing committed by its employees.  See
Monell v. Dep't of Social Services of City of New York, 98 S. Ct.
2018, 2036 (1978) ("[W]e conclude that a municipality cannot be
held liable solely because it employs a tortfeasor — or, in other
words, a municipality cannot be held liable under § 1983 on a
respondeat superior theory.") (emphasis in original).  Taylor, who
takes issue with one instance of excessive force by deputies, does
not allege facts that are sufficient to state a claim for relief
against Harris County as a municipality.  See Peterson v. City of
Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A
municipality is almost never liable for an isolated unconstitu-
tional act on the part of an employee; it is liable only for acts
directly attributable to it 'through some official action or
imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d
567, 578 (5th Cir. 2001)).

Although Taylor contends that the deputies acted with
negligence because they were not adequately trained in certain
techniques, he does not allege facts specifying how Harris County's
training program is deficient.  See Roberts v. City of Shreveport,
397 F.3d 287, 293 (5th Cir. 2005) (For "liability to attach based
on an 'inadequate training' claim, a plaintiff must allege with
specificity how a particular training program is defective.").

Likewise, an isolated violation such as the one referenced by
Taylor does not demonstrate that a training program was adopted
with the requisite deliberate indifference or that inadequate

-5-

training directly caused the violation in question. <u>See Zarnow v. City of Wichita Falls, Texas</u>, 614 F.3d 161, 170 (5th Cir. 2010) (noting that the Fifth Circuit "has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train") (citing <u>Goodman v. Harris County</u>, 571 F.3d 388 (5th Cir. 2009)); <u>see also Connick v. Thompson</u>, 131 S. Ct. 1350, 1360-61 (2011) (explaining that "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train") (quoting <u>Board of County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 117 S. Ct. 1382, 1391 (1997)); <u>Burge v. St. Tammany Parish</u>, 336 F.3d 363, 370 (5th Cir. 2003) (Proof of deliberate indifference "generally requires a showing 'of more than a single instance of the lack of training or supervision causing a violation of constitutional rights.'") (quoting <u>Thompson v. Upshur County, Texas</u>, 245 F.3d 447, 459 (5th Cir. 2001)).

The court notes further that Taylor has only requested punitive damages in this case.[13]  Even if Taylor had alleged sufficient facts to state a claim against Harris County, it is well established that punitive damages are not available against a municipality under § 1983.  <u>See Jefferson v. City of Tarrant, Alabama</u>, 118 S. Ct. 481, 485 (1997) (citing <u>Newport v. Fact Concerts, Inc.</u>, 101 S. Ct. 2748 (1981)).  Accordingly, Taylor's

---

[13]<u>See</u> Complaint, Docket Entry No. 1, p. 4.

Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Prisoner Civil Rights Complaint filed by Darius Spell Taylor (Docket Entry No. 1) is **DISMISSED with prejudice**.

2.  The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 4th day of December, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE